UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NANJING CIC INTERNATIONAL CO., LTD.,

      Plaintiff,

v.

JAMES SCHWARTZ and FOUNDRY
ASSOCIATES, INC.,

      Defendants
_____

**DECISION AND ORDER**

6:20-CV-07031 EAW

## BACKGROUND

This matter has been referred to me for all pretrial matters excluding dispositive motions. (Dkt. 9; Dkt. 156). Fact discovery closed on October 9, 2024, pursuant to the order of Magistrate Judge Marian W. Payson, to whom the matter was then referred. (Dkt. 138).

Defendants James Schwartz and Foundry Associates, Inc. (collectively "Defendants") have moved for leave to take the *de bene esse* deposition of non-party John E. Riordan ("Riordan") to perpetuate his trial testimony, because Riordan has recently learned that the cancer he has been battling has "metastasized to other parts of [his] body and . . . is now Stage IV." (Dkt. 149-3 at ¶ 5). Plaintiff Nanjing CIC International Co., Ltd. ("Plaintiff") opposes the motion. (*See* Dkt. 157). For the reasons set forth below, Defendants' motion is granted.[1]

---

[1] Defendants have also submitted a letter request that they be permitted to take Riordan's *de bene esse* deposition while the instant motion is under advisement by the Court. (Dkt. 159). Plaintiff opposes this request. (Dkt. 160). In light of the

## DISCUSSION

"A *de bene esse* deposition—sometimes referred to as a 'preservation' deposition—is a deposition taken in anticipation of a future need." *Broker Genius, Inc. v. Seat Scouts LLC*, No. 17-CV0-8627 SHS SN, 2018 WL 6242226, at *3 (S.D.N.Y. Nov. 29, 2018) (quotation omitted). It serves as "a substitute for live trial testimony and is typically conducted under trial rules of evidence rather than as a discovery deposition." *Shim-Larkin v. City of New York*, No. 16-CV-6099(AJN)(KNF), 2018 WL 3407710, at *1 (S.D.N.Y. May 11, 2018) (quotation omitted). A *de bene esse* deposition may be appropriate where there is reason to believe a witness will not be available at trial. *See, e.g., Manley v. AmBase Corp.*, 337 F.3d 237, 247 (2d Cir. 2003) (*de bene esse* deposition taken where "it appeared that [an] eighty-year old California resident would not travel to New York for trial").

"There is some disagreement among the district courts in New York whether a *de bene esse* deposition may proceed after the close of discovery." *Broker*, 2018 WL 6242226, at *3. Some courts have concluded that "*de bene esse* depositions, like depositions taken for discovery purposes, cannot be conducted after the close of discovery absent extenuating circumstances." *Id.*; *see also, e.g., Bank of Am., NA v. Pushing Grey*, No. CV 11-1191 DHR ARL, 2014 WL 7477714, at *1 (E.D.N.Y. Oct. 8, 2014) ("As courts have held, 'both discovery and *de bene esse* depositions are governed by the scheduling order set by the Court, and may not be conducted after the close of

---

Court's issuance of this Decision and Order, Defendants' letter request (Dkt. 159) is denied as moot.

discovery absent good cause to modify that order.'" (quoting *George v. Ford Motor Co.*, No. 03CIV.7643(GEL), 2007 WL 2398806, at *12 (S.D.N.Y. Aug. 17, 2007)). But other "courts considering this issue have made what can only be described as a federal common law distinction between 'discovery depositions' and 'trial depositions' . . . and have held the latter category permissible even after the discovery deadline has passed." *RLS Assocs, LLC v. United Bank of Kuwait PLC*, 01 Civ. 1290(CSH), 2005 WL 578917 at *6 (S.D.N.Y. Mar. 11, 2005); *see also Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03CIV.5560(RMB)(HBP), 2008 WL 5423316, at *2 (S.D.N.Y. Dec. 31, 2008) (concluding that in light of the conflict in the case law and the lack of guidance from the Second Circuit, "it seems inappropriate to penalize a practitioner for being unable to guess correctly how a particular judicial officer would decide the issue," and thus the court "would be inclined to permit plaintiffs (and, of course, defendants) to conduct *de bene esse* depositions after the discovery deadline"). The Court need not resolve this conflict here, because it concludes that Defendants have demonstrated good cause for modifying the Court's scheduling order under Federal Rule of Civil Procedure 16(b)(4), and that the circumstances warrant permitting them to take Riordan's *de bene esse* deposition.

"[A] finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Courts have found good cause to modify a scheduling order to allow for a *de bene esse* deposition where "a witness whose testimony [the moving party] wishes to present during the trial of [the] action, has a serious medical condition that may make [the witness]

unavailable to attend and testify at the trial of the action." *Shim-Larkin*, 2018 WL 3407710, at *1.

Riordan's Stage IV metastatic cancer is a serious medical condition that can reasonably be expected to make him unavailable to attend and testify at any trial in this action, particularly in light of the stage of the proceedings (*i.e.* that trial is not likely to be scheduled any time in the near future). Further, Defendants have acted diligently in seeking his *de bene esse* deposition. Defendants learned of the change in Riordan's prognosis on December 11, 2024. (Dkt. 149-3 at ¶ 6). Two days later, on December 13, 2024, Defendants' counsel contacted Plaintiff's counsel to request a *de bene esse* deposition of Riordan. (Dkt. 157-2 at 2-3). Plaintiff's counsel refused the request, and Defendants' counsel filed the instant motion on December 19, 2024, less than a week later. (Dkt. 149). Under the circumstances, Defendants' conduct was diligent.

In addition, "[w]hen a party opposes a trial deposition scheduled after the close of discovery . . .[,] [s]pecial emphasis should be placed on the potential for prejudice." *Morales v. New York Dep't of Lab.*, No. 06-CV-899 MAD, 2012 WL 2571292, at *2 (N.D.N.Y. July 3, 2012) (quotation omitted). Plaintiff does not argue that it will suffer any prejudice if Defendants are permitted to take a *de bene esse* deposition of Riordan. On the other hand, it is clear that Defendants will be prejudiced if Riordan passes away before trial (or is in such fragile health that he is unable to travel), and they are unable to present his testimony. Defendants have persuasively explained why Riordan is an important witness in this case. (*See* Dkt. 149-1 at ¶¶ 5-6). This factor

thus also favors a finding of good cause. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (identifying prejudice as a "relevant factor" to the good cause inquiry).

Plaintiff's arguments in opposition to Defendants' motion are unpersuasive. Plaintiff argues Defendants have "failed to provide any information from Mr. Riordan's physician or his medical record to support" the claim that his cancer prognosis has recently worsened, "despite Plaintiff's request for such proof." (Dkt. 157 at 4). Plaintiff cites no authority for the proposition that they are entitled to the medical records of a non-party witness. Riordan has submitted a sworn declaration in which he has stated under penalty of perjury that he recently learned that his cancer has metastasized to other parts of his body and is now Stage IV. (Dkt. 149-3 at ¶ 5). Plaintiff has pointed to nothing that would suggest Riordan is being untruthful, and Riordan has personal knowledge of his own health and is a competent witness on this topic.

And while Plaintiff argues that it does not know exactly how recently Riordan learned of the worsening of his health (Dkt. 157 at 4), what is relevant to the Court's analysis is when Defendants learned the information. Riordan has provided that date: "[o]n Wednesday, December 11, 2024, [he] had dinner with Mr. Schwartz and [he] informed him [of] the change in [his] prognosis." (Dkt. 149-3 at ¶ 6). Plaintiff's suggestion that Defendants could have been aware of Riordan's recent health development prior to this dinner (*see* Dkt. 157 at 4) is inconsistent with Riordan's

declaration and is nothing more than speculation. One does not "inform" another of information they already possess.

Plaintiff next argues that Defendants "previously even objected to Plaintiff's request to extend fact discovery, likely while already with the knowledge of Mr. Riordan's health condition." (Dkt. 157 at 4-5). Again, the assertion that Defendants previously had knowledge of the change in Riordan's health condition is rank speculation, unsupported by any information in the record. And Defendants' prior belief that no further extension of the fact discovery deadline was necessary is irrelevant to the newly arisen need to take Riordan's *de bene esse* deposition.

Plaintiff contends that Defendants have not been diligent because they did not take Riordan's deposition during the discovery period. But as Defendants point out in reply, Riordan is a friendly witness whose testimony is known to them, and they had no reason to take his deposition prior to his health taking a turn for the worse. (Dkt. 158 at 4). Riordan has stated under penalty of perjury that prior to his health worsening, he has "expected to be called as a witness at trial, with the understanding that [he] would need to travel to Rochester, New York, and appear in person for [his] trial testimony." (Dkt. 149-3 at ¶ 4). "[C]ourts recognize that attorneys do not normally depose their own witness for discovery purposes, because they already know what these witnesses will say when they testify." *Weist v. E.I. DuPont De Nemours & Co.*, No. 05-CV-0534S(SR), 2009 WL 10681127, at *2 (W.D.N.Y. Aug. 27, 2009).

Defendants had no reason to seek to depose Riordan until they became aware that he was unlikely to be available at trial.[2]

Plaintiff's argument that "the existence of Mr. Riordan's certified Declaration (Docket No. 104-8), which already provides detailed information regarding his role and knowledge, further diminishes the necessity for a *de bene esse* deposition" (Dkt. 157 at 5) warrants little discussion. A declaration is not a substitute for trial testimony, unlike a *de bene esse* declaration.

Finally, the Court finds no merit in Plaintiff's argument that "Mr. Riordan is a third-party witness, and thus in order to depose him, Defendants would be required to serve a deposition subpoena pursuant to Rule 45, which however was not mentioned in Defendants' motion." (*Id.*). Plaintiff cites no authority for the proposition that a subpoena under Rule 45 is required where a non-party voluntarily agrees to sit for *de bene esse* deposition. *See George*, 2007 WL 2398806, at *12 ("Where a witness is <u>willing to provide testimony</u>, or can be compelled to testify because he is within the subpoena power of the trial court, the risk that the witness may become unavailable may warrant the Court's exercising its power to direct that the witness's testimony be preserved by a trial deposition, which can then be used if the witness becomes unavailable for trial." (emphasis added)).

---

[2] The Court rejects Plaintiff's argument that the mere fact that Riordan had cancer was sufficient to establish the need to preserve his testimony. Modern medical advances mean that many people with various forms of cancer live active lives for years. It is clear from Riordan's declaration that prior to his cancer metastasizing, he fully anticipated being able to serve as a trial witness notwithstanding his cancer diagnosis.

For all these reasons, the Court grants Defendants' motion to take a *de bene esse* deposition of Riordan.

## **CONCLUSION**

For the foregoing reasons, the Court grants Defendants' motion to take a *de bene esse* deposition of John E. Riordan. (Dkt. 149). The *de bene esse* deposition shall be completed within 30 days of entry of this Decision and Order.

SO ORDERED.

*[signature]*
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: January 22, 2025
      Rochester, New York